**People of the State of Illinois, Plaintiff-Appellee, v. Gary Horton, Defendant-Appellant.**

**Gen. No. 49,968.**

First District, Fourth Division.

December 30, 1966.

Norman Nelson, Jr., of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

OFFENSE CHARGED IN THE INDICTMENT

Theft of property exceeding $150 in value (the automobile of one Jack Glasson).[1]

---

[1] Ill Rev Stats (1963), ch 38, § 16–1 provides, in pertinent part:

§ 16–1. *Theft*

A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner;

· · · · · ·

DEFENSE AT THE TRIAL
Alibi.

JUDGMENT

A jury trial resulted in a verdict of guilty. In aggravation it appeared that defendant was on parole from a sentence of one to five years for armed robbery. The court entered judgment on the verdict and sentenced defendant to a term of one to ten years.

CONTENTIONS ON APPEAL

(1) It was error to permit reference by State witnesses to other crimes committed by defendant.

(2) The court's ruling on point (1) was made in a manner which was prejudicial to defendant.

EVIDENCE

Billy Smallwood and Ronald Stubblefield, 15 and 16 years of age, respectively, were the principal witnesses for the State. They testified to twenty hours of joy riding with defendant (age 22), commencing at 11:15 a. m. on September 24, 1963, and ending when defendant crashed the Glasson car against a curb at 7:00 a. m. the next morning, with the police in hot pursuit. Smallwood

---

and

(1) Intends to deprive the owner permanently of the use or benefit of the property; or

(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

Penalty.

. . . A person convicted of theft of property from the person or exceeding $150 in value shall be imprisoned in the penitentiary from one to 10 years.

and Stubblefield were apprehended immediately, and defendant a few hours later. If believed, the testimony of these witnesses, together with that of the owner of the automobile and one of the arresting police officers, indisputably proved the offense charged in the indictment. Defendant, his mother, and his girl friend testified to an alibi covering the entire period involved in the testimony of the State's witnesses, but the jury obviously did not believe them.

The sufficiency of the proof is not questioned, but prejudice is claimed on account of the references by Smallwood and Stubblefield to their activities with defendant on the day in question prior to the theft of the Glasson automobile. Their stories were consistent in this regard. At 11:15 a. m. they met defendant at a playground where they played basketball till about noon. Then defendant said that "he had a car over there" in the alley, so they went riding. An hour or two later, upon seeing a "paddy wagon" they abandoned the car in the middle of the street, and ran down an alley to a store where they remained until about 3:00 o'clock. That car was not identified other than as a 1958 blue Chevrolet. (Smallwood said it was blue; Stubblefield said it was green and white.)

Continuing with Smallwood's testimony, as confirmed by Stubblefield, they were then sitting on a doorstep watching defendant while he was "trying to get in" a 1963 Chevrolet station wagon. "He got it started," told them to get in, and they rode around in that car until it ran out of gasoline. They made two stops in the interim at the home of defendant's girl friend and stayed there for a while each time. There was no further identification of this second automobile.

At about midnight defendant "found another car," a blue 1961 Chevrolet, shown by other evidence to have been the car belonging to the complaining witness, Glasson, who had left it parked and locked in front of

his home. The three then continued their drive, roaming the city and suburbs until 7:00 a. m., when, with defendant driving, they sideswiped another automobile. A police car took chase and the crash occurred, followed by defendant's flight and arrest.

OPINION

(1) Defendant contends that he was prejudiced to an extent requiring reversal because the State's witnesses were permitted to testify, as recited above, concerning the first two automobiles used by defendant that day. The point is made that this was testimony of other, independent crimes committed by defendant, and was therefore inadmissible, citing People v. Tranowski, 20 Ill2d 11, 169 NE2d 347; People v. Botulinski, 392 Ill 212, 64 NE2d 486; and 1 Wigmore Evidence, 3d ed, § 194.

The State argues that the evidence was admissible, even though indicating the commission of other crimes by defendant, as it was necessary in this way to establish the relationship between the two boys and defendant in order to prove the identity of defendant as the perpetrator of the theft charged; that this was important because the police officer had not seen defendant's face at the time of his flight from the scene of the car crash, and could testify only to his general physical characteristics. Further, it is argued, the events leading up to the theft of the car in question were necessary facts to rebut the alibi (testified to by defendant, his mother, and his girl friend) that defendant was home in bed that day until 3:00 p. m., at which time he went to his girl friend's house and remained there till 6:00 a. m. the next morning.

██ While it is unquestionably the general rule that evidence of distinct and unrelated offenses is inadmissible (People v. Donaldson, 8 Ill2d 510, 517, 134 NE2d 776), there are well-recognized exceptions where such evidence tends to aid in the identification of the perpetrator of

the crime charged (People v. Lewis, 30 Ill2d 617, 621, 198 NE2d 812), to place defendant in proximity to the time and location of the crime charged, to prove design, motive or knowledge (People v. Tranowski, 20 Ill2d 11, 16, 169 NE2d 347), or to rebut an alibi defense (People v. Mikka, 7 Ill2d 454, 461, 131 NE2d 79).[2]

 We believe that these principles constitute an answer to defendant's contention in this regard, and that the corollary rather than the general rule is applicable to the facts of this case. We also believe, however, that the testimony in question did not really amount to evidence of other crimes. As a matter of fact, the witnesses appear to have been extremely careful not to state that the taking or using of the first two cars was in any way unauthorized by the owners.[3] But even if it be assumed that these references to the other cars suggested to the jury other automobile thefts, "where evidence is relevant and otherwise admissible, it is not to be excluded because it may also have a tendency to prejudice the accused." People v. Galloway, 28 Ill2d 355, 360, 192 NE2d 370; People v. Jackson, 22 Ill2d 382, 390–391, 176 NE2d 803.

 (2) In the State's Attorney's opening statement he outlined what the State expected the evidence to show, including the joy rides in the first two automobiles. In doing so, he punctiliously avoided the use

---

[2] Considered as rebuttal of the alibi defense, we note that this evidence was introduced as a part of the State's case in chief, presumably, and correctly so, in anticipation of defendant's alibi testimony. Although this may not be a desirable practice, the fact that the testimony was received out of its natural order is not fatal to its admissibility. People v. Stathas, 356 Ill 313, 320, 190 NE 661.

[3] In People v. Horton, 78 Ill App2d 428, 223 NE2d 206, filed concurrently, it was stipulated that evidence in the instant case be considered as evidence in that case, and we found the evidence insufficient to prove theft of the two cars, as charged in those indictments.

426

of words indicating criminal activity, employing only such terms as, "he had a car to get," and "they entered a 1963 Chevrolet." Near the conclusion of his statement, defense counsel objected to his reference to the first two cars. It was only in the making of this objection, and in defense counsel's colloquy with the court in regard thereto, that the words "crime" or "theft" were spoken in the presence of the jury.

At that time the court sustained the objection, directed the State's Attorney to confine his remarks to the car in question, and instructed the jury to disregard any statements pertaining to other automobiles. When it came to the presentation of the State's evidence, however, the judge stated, in the presence of the jury, that he had been doing some research on the subject; that he had been mistaken in excluding all reference to the other cars; that the State's Attorney had not said that they were stolen; and that he would permit the evidence to go in, and it was then introduced as it has been set forth above. The court reiterated to the jury that the only question to be decided by them was whether or not defendant had stolen the Glasson car as charged. Defendant's objection was overruled and his motion for a mistrial was denied.

We find no reversible error in the court's handling of this matter.

DECISION

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and McCORMICK, J., concur.