People of the State of Illinois, Plaintiff-Appellee, v. Gary Horton, Defendant-Appellant.

Gen. No. 50,070.

First District, Fourth Division.

December 30, 1966.

Norman Nelson, of Chicago, for appellant.

No appearance made for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

OFFENSES CHARGED IN THE INDICTMENTS

Theft of property exceeding $150 in value.* Two indictments charging defendant with theft of automobiles

---

* Ill Rev Stats (1963), ch 38, § 16–1 provides, in pertinent part:

§ 16–1.  *Theft*

A person commits theft when he knowingly:

(a)　Obtains or exerts unauthorized control over property of the owner;

．　．　．　．　．　．

and

(1)　Intends to deprive the owner permanently of the use or benefit of the property; or

(2)　Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

---

* See Callaghan's Illinois Digest, same topic and section number.

428

(the property of Harold J. Harrison and Lila Anderson) were consolidated for trial.

DEFENSE AT TRIAL
    Alibi.

JUDGMENT

After a bench trial, the court found defendant guilty of both crimes charged, and sentenced him to terms of one to three years, to be served concurrently with each other and with the sentence involved in People v. Horton, 78 Ill App2d 421, 223 NE2d 202, the question in which is being filed this date.

EVIDENCE

It was stipulated that if Lila Anderson were called, she would testify that she was the owner of a 1958 Chevrolet worth $800; that she parked her car in front of her place of work in Chicago at 7:00 a. m. on September 23, 1963, and in the afternoon of September 24 she noticed that it was missing.

It was also stipulated that if Harold J. Harrison were called, he would testify that he was the owner of a 1963 Chevrolet station wagon having a value of $2500; that he parked his car in front of his home in Chicago at 8:00 a. m. on September 24, 1963; that the car was missing at 3:30 p. m. that day, and was recovered later at the Chicago auto pound.

In addition, it was stipulated that the testimony of the State witnesses Smallwood and Stubblefield in the trial

---

(3)    Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

Penalty.

. . . A person convicted of theft of property from the person or exceeding $150 in value shall be imprisoned in the penitentiary from one to 10 years.

involved in People v. Horton, 78 Ill App2d 421, 223 NE2d 202, "as to the taking of these two automobiles by Mr. Horton would be the same, and that the testimony of Mr. Horton's witnesses in that case would be the same in these cases."

OPINION

For a recital of the testimony of Smallwood and Stubblefield in People v. Horton, 78 Ill App2d 421, 223 NE2d 202, reference is made to the opinion in that case. As to the acts of theft of the two automobiles with which we are here concerned, it was stated only that defendant "had a car over there" in the alley, and they went riding in it; that later defendant was "trying to get in" a station wagon; that "[h]e got it started" and they rode around in it also. Aside from the description of these cars as 1958 and 1963 Chevrolets (with some discrepancy as to the color) there was no evidence whatsoever to identify the cars as those belonging to Mr. Harrison and Mrs. Anderson, as charged in the indictments. Nor was there evidence to establish beyond a reasonable doubt that defendent's use of these automobiles had not been authorized by the owners. In other words, the State did not meet its burden of proving all the elements of the crimes charged.

DECISION

The judgments of the Circuit Court are reversed.

Reversed.

DRUCKER, P. J. and McCORMICK, J., concur.