**People of the State of Illinois, Plaintiff-Appellee, v. Gregory Cunningham, Defendant-Appellant.**

Gen. No. 11,185.

Fourth District.

April 28, 1970.

Edward Litak, of Danville, for appellant.

John Unger, State's Attorney of Vermilion County, of Danville (Larry P. Cramer, of counsel), for appellee.

CRAVEN, P. J., delivered the opinion of the court. In February of 1969, a petition was filed in the Circuit Court of Vermilion County asking that the appellant, then aged 15 years, be declared a delinquent child. The petition contained the allegation that the appellant entered two residences in Danville with intent to deprive the residents of property, all in violation of a specified section of the Criminal Code. This matter was

set for an adjudicatory hearing and no issue is tendered by this appeal as to any procedural defects.

A witness, Joseph Wilson, testified as to his address and to the fact that his residence was broken into and items of personal property, including wristwatches and a diamond ring, removed therefrom. Another witness, Ralph Nicholson, also testified as to a burglary of his residence and enumerated the money and property taken therefrom, and described the manner of entry.

An extrajudicial statement of the appellant, taken in the presence of his mother and after complete admonitions as to constitutional rights, was admitted into evidence without objection. This statement, a confession, was witnessed by the mother and the statement recited the breaking of a back door glass at the Nicholson residence and described the property removed therefrom, being essentially the same description as that testified to by Nicholson. The same was true of the breaking into of the Wilson house and the removal of items of personal property from that residence. The circuit court entered an order finding the appellant a delinquent child and adjudging it to be for the best interest of the minor that he be made a ward of the court. The matter was then continued for a dispositional hearing.

This appeal is from that order. It is the contention of the appellant that the extrajudicial confession received into evidence, admitting the offenses described in the petition, is not sufficiently corroborated by other proof to warrant adjudication that the appellant was a delinquent child. The appellant suggests that the extrajudicial confession could not of itself sustain a conviction of a crime and that evidence apart from the confession is needed to prove the corpus delicti. He asserts that the quantum of proof required in a juvenile

delinquency adjudicatory proceeding is the same as that required for conviction in a criminal case. This is uncontroverted. See In re Urbasek, 38 Ill2d 535, 232 NE2d 716 (1968). See also Re Winship, 38 USL Week 4253 (US March 31, 1970). In the Winship case the United States Supreme Court explicitly held that which the Illinois Supreme Court determined to have been implicit in the earlier case of Re Gault, 387 US 1, 18 L Ed2d 527, 87 S Ct 1428 (1967).

██ ██    In 14A ILP, Criminal Law, § 389, cases are collected and cited that hold a voluntary confession of an accused without corroborating evidence is insufficient to authorize a conviction. The independent evidence of the corpus delicti need not of itself be sufficient proof of guilt but need only be a substantial showing which, taken together with the confession, establishes beyond a reasonable doubt the perpetration of the crime by the accused. The corroborating evidence, however, need not establish the fact of the commission of the crime and the defendant's guilt. The confession and the corroborating evidence may be considered together.

██    "Corpus delicti" has been defined to mean proof of the fact that a crime has actually been committed and that someone is criminally responsible therefor. See People v. Lueder, 3 Ill2d 487, 121 NE2d 743 (1954).

██    In this case, the fact that the crimes specified in the petition were shown to have actually been committed is uncontroverted. This fact is established independent of the confession. This evidence, taken together with the confession, establishes not only the fact that a crime was actually committed but further that the appellant was a participant therein. Thus, on the basis of this record, there being no contention of procedural defects nor assertions that the appellant was in any way deprived of any rights at the time of the taking

225

of the statement or its admission, the trial court, as the trier of fact, was clearly warranted in its finding that the appellant should be adjudicated a delinquent. The judgment of the Circuit Court of Vermilion County is affirmed and this cause is remanded to that court for further proceedings.

Affirmed and remanded.

SMITH and TRAPP, JJ., concur.