THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL PITT, Defendant-Appellant.

(No. 70-98; ▮▮▮▮▮▮)

Fifth District—June 14, 1971.

Morton Zwick, of Defender Project, of Chicago, (John L. Barton, of counsel,) for appellant.

Ronald Nieman, State's Attorney, of Salem, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a proceeding under the Juvenile Court Act, Chapter 37, Section 707 —2, Illinois Revised Statutes, the defendant, a 16 year old minor, was adjudged a delinquent by a Magistrate of the Circuit Court of Marion County for committing the offense of theft. He was placed on probation under the guardianship of the Probation Officer and assigned to a foster home, and the cause was continued until he attained 21 years of age. He has appealed here contending that he was denied the right to confront and cross-examine the witnesses against him and that he was not proven guilty beyond a reasonable doubt. The State, as appellee, filed no brief.

Only two witnesses testified at defendant's hearing. Leroy Daniels, a Salem police officer, stated that he received a call reporting that a certain car had been stolen; that from other police information he knew that defendant was absent from the foster home where he lived and that he had presumably run away; that he learned that the defendant was in the Franklin County jail at Benton and that when he went to Benton to pick up defendant he saw a car parked outside the jail that fitted the description of the stolen car; that he understood that both the car and the defendant had been brought to Benton from West Frankfort; that the owner later identified the car and took possession of it. Numerous objections to this testimony on the grounds it constituted hearsay were overruled.

George Ross, a social worker for the Illinois Department of Children and Family Service, stated that as a part of his job he had prepared a report concerning his investigation of the case. Over objection, and in spite of his admission that he had no personal knowledge of the matters contained in the report, it was nonetheless admitted in evidence. The report stated that Ross had been told that the defendant was planning to run away; that he had asked the Sheriff to pick him up and that later

he (Ross) learned that the defendant had been taken in custody in West Frankfort and that he had apparently stolen a car.

■■ It has now been clearly established that the quantum of proof required in a juvenile delinquency proceeding and the rules of evidence applicable thereto, are the same as those required for conviction in a criminal case. (*In re Urbasek,* 38 Ill.2d 535; *People v. Cunningham,* 122 Ill. App.2d 222.) In the case before us almost every item of evidence heard by the magistrate was pure hearsay and inadmissible as such. The only competent evidence offered which might conceivably be considered as linking the defendant with the stolen car was the statement by the officer that he saw the car parked outside the jail in Benton. But to warrant a conviction for theft on the basis of possession of a recently stolen automobile the possession must be proved to be exclusive in the accused to the extent of precluding the possibility that someone else may have stolen the car. (*People v. Davis,* 69 Ill.App.2d 120.) To infer such possession here from the fact that a car fitting the description of the stolen car was parked outside the jail where defendant was in custody would be the purest form of conjecture.

■■ It is our opinion that the evidence offered by the State was of little or no probative value and wholly insufficient to prove defendant guilty of theft beyond a reasonable doubt, and the adjudication of his delinquency is therefore reversed.

Judgment reversed.

EBERSPACHER and G. MORAN, JJ., concur.