*In re* INTEREST OF MELVIN WOODS, a Minor—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MELVIN WOODS, Respondent-Appellant).

(No. 59137;

First District (4th Division)—May 8, 1974.

Paul Bradley and Kenneth L. Jones, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

On February 28, 1973, a petition for adjudication of wardship was filed alleging that Melvin Woods, a minor, committed the offense of theft in that he knowingly exerted unauthorized control over a 1972 Ford with the intent to permanently deprive the owner, Harold Bleck, of its use and benefit. After a hearing in the juvenile division of the circuit court

of Cook County, Woods was adjudged delinquent and sentenced to probation for 1 year. On appeal, the issue presented for review is whether Melvin Woods was proven guilty beyond a reasonable doubt.

The testimony of the arresting police officer, Robert L. Silas, may be summarized as follows. At approximately 11:45 A.M. on February 27, 1973, Silas was patrolling in a squad car when he observed the driver of a 1972 or 1973 Torino make an illegal right turn. The officer turned on the mars light of the squad car, signalling the Torino to pull over, but the driver accelerated instead. The police chased the Torino into a nearby schoolyard, where the driver slammed on the brakes, jumped out of the car, and ran into a building. He was apprehended, arrested and subsequently identified by Officer Silas as the respondent, Melvin Woods. Woods gave his name upon arrest, however, as Melvin Gibson of Newport, Arkansas. According to Officer Silas, an examination of the vehicle driven by Woods revealed a "lock puller" in the back seat but no key in the car or on Woods. The officer stated further that the vehicle was in such a condition it could be started without a key.

Harold G. Bleck testified that he owned a 1972 Ford Torino with a red body and black vinyl top, which he permitted his son to use on February 25, 1973. According to Bleck, he filed a police report that the car was missing on February 25, 1973, and recovered his automobile from the police station around noon on February 27, 1973. Bleck testified that the ignition had been pulled from the car when he recovered it. At the hearing, he produced his Illinois vehicle registration card for the Torino and the trial judge accepted it into evidence.

Melvin Woods testified that Andre Ross, a friend, loaned him the car on February 25, 1973, with the stipulation that Woods return it on February 27, 1973. According to Woods, Ross did not tell him that the car was stolen but did warn him to "be cool" because the car had no city sticker. Woods stated further that there was a key in the ignition when he was arrested and that he did not know the "lock puller" was in the back seat of the car. Woods admitted giving a false name and address when stopped by the police and testified that he fled because he did not have a driver's license. Andre Ross did not testify.

The respondent's father, Henry James Woods, testified that he rode in the Torino with his son on February 25, 1973, and observed keys in the ignition at that time. According to Mr. Woods, the only thing unusual about the car was that it had no city sticker. Mr. Woods further stated that he knew his son did not have a driver's license.

■■ A finding of delinquency for criminal misconduct is valid only if supported by evidence which establishes the offender's guilt beyond a reasonable doubt. (*In re Urbasek* (1967), 38 Ill.2d 535, 232 N.E.2d 716.)

Woods contends in this appeal that the evidence produced at his hearing failed to prove beyond a reasonable doubt that he committed the offense of theft.

Woods' first argument is that the evidence failed to connect him with the stolen car. There was no testimony that the car he was driving immediately prior to arrest was the same car reported missing by Bleck. Woods contends that Bleck's testimony regarding the time he recovered his car from the police station supports the inference that it was not the car Woods had driven earlier.

■■ The record shows that the arresting officer described the car driven by Woods as a 1972 or 1973 red-black over red Torino. Harold Bleck described the stolen car as a 1972 Torino with a red body and black vinyl top. In our opinion, these two descriptions sufficiently matched each other to establish that the car Woods was driving when observed by the arresting officer was the same car reported missing by the owner. Moreover, this identification was corroborated by Bleck's vehicle registration card, which the trial judge inspected and accepted into evidence.

The cases cited by respondent do not warrant a contrary conclusion. In *People v. Pitt* (1971), 133 Ill.App.2d 859, 272 N.E.2d 250, the court reversed an adjudication of delinquency where the only competent evidence linking the defendant with a stolen car was the statement of a police officer that he saw the car which was allegedly stolen parked outside the jail where defendant was being held. In the instant case, the arresting officer testified that respondent was actually driving a car similar to the one reported stolen immediately prior to arrest. Respondent cites *People v. Horton* (1966), 78 Ill.App.2d 428, 223 N.E.2d 206, as authority for the proposition that a description by year and model of two cars which witnesses saw defendant drive was insufficient to establish that the cars belonged to the persons named in the indictments. Here, Bleck produced a vehicle registration card at the hearing to establish his ownership of the car in question.

■■ Secondly, Woods argues that the State failed to prove that his possession of the automobile was unauthorized since there was no testimony introduced by the State that Bleck's son did not give Woods or someone else permission to use the car. This argument also fails to merit reversal of the trial court's finding. In *People v. Hayes* (1972), 4 Ill.App. 3d 997, 1000, 282 N.E.2d 777, 779, this court stated:

> "* * * [T]he trier of fact is not required to search out a series of potential explanations compatible with innocence and elevate them to the status of reasonable doubt, *People v. Owens* (1962), 23 Ill.2d 534, 538, 179 N.E.2d 630, 632, *cert.* denied (1962), 370 U.S. 947; *People v. Russell* (1959), 17 Ill.2d 328, 331,

161 N.E.2d 309, 311; and the trier of fact does not have to disregard the inferences that flow normally from the evidence. *People v. Brown* (1963), 27 Ill.2d 23, 26, 187 N.E.2d 728, 730, *cert.* denied (1963), 374 U.S. 854; *People v. Russell, supra."*

In this case, the trial court found that the evidence supported the inference that Woods' possession of the car was unauthorized. We agree with its conclusion.

Finally, respondent contends that a reasonable doubt on the issue of authorization was raised by the testimony of Woods and his father that there were keys in the car. However, the arresting officer testified that there were no keys in the car or on Woods' person and the owner, Harold Bleck, stated that the ignition had been pulled when he recovered the car at the police station.

■■ In view of this conflicting testimony, the credibility of the witnesses was in issue. It is well settled in Illinois that the credibility of witnesses and the weight to be accorded their testimony are matters to be determined by the trier of fact, and a reviewing court will not disturb his finding unless the evidence is so improbable, unreasonable or unsatisfactory as to create a reasonable doubt of the guilt of the accused. *People v. James* (1969), 109 Ill.App.2d 328, 248 N.E.2d 777; *People v. Savaiano* (1973), 10 Ill.App.3d 666, 294 N.E.2d 740.

After a careful review of the record before us, we are convinced that the trial court's adjudication of delinquency is supported by the evidence beyond a reasonable doubt. Therefore, the judgment of the juvenile division of the circuit court is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.