THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM CUSTER, Defendant-Appellant.

(No. 73-420;

Fifth District—January 21, 1975.

*Rehearing denied February 21, 1975.*

Ross Armbruster, of Alton, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, William Custer, from separate orders entered by the circuit court of St. Clair County denying the defendant's motion for a new trial and denying his request for probation.

In 1971, a jury returned a verdict of guilty against the defendant for the offense of forgery, and a judgment of conviction was entered thereon. After the trial the defendant filed a motion for a new trial on the ground of newly discovered evidence. The trial court denied this motion and specifically ruled on and denied a motion for probation, and, after hearing evidence in aggravation and mitigation, sentenced the defendant to a term of imprisonment of not less than 2 or more than 14 years. On appeal, this court affirmed both the judgment of conviction and the denial of the defendant's motion for a new trial. (*People v. Custer*, 11 Ill.App. 3d 249, 296 N.E.2d 753.) Upon the denial of the defendant's petition for a rehearing, this court filed a supplemental opinion remanding the case for resentencing under the Unified Code of Corrections. (*People v. Custer*, 11 Ill.App.3d 258, 296 N.E.2d 759.) Since the evidence presented at the defendant's trial is well summarized in those opinions, that evidence will not be repeated here except where necessary for discussion of the issues raised in the instant appeal.

The defendant advances two contentions in this appeal: first, that the trial court "erred in not granting a new trial or actually in not dismissing this case because of Newly Discovered Evidence"; and secondly, that the trial court's denial of probation was arbitrarily exercised, manifesting an abuse of discretion, describing "Denial of Probation" as an issue presented for review.

Our mandate issued June 15, 1973, remanded the cause "to the Circuit Court of St. Clair County for resentencing." On June 21, 1973, the defendant filed his motion entitled "Motion to dismiss case or in the alternative motion for new trial on the ground of newly discovered evidence" which was based on the alleged discovery of certain checks, ledger sheets, and other documents in a garage behind the building which previously housed the defendant's car dealership.

On June 22, 1973, the trial court, in the presence of defendant, his counsel and an assistant State's attorney, entered an order which recited:

> "* * * whereupon, upon the Mandate of the Appellate Court the Court finds that a presentence investigation is required, and

this case is referred to the Adult Probation Officer for investigation and report to this Court on the 30th day of July, 1973 at the hour of nine o'clock a.m. It further appearing to the Court that defendant has filed a post-trial motion, etc., and copy furnished to the State's Attorney, this matter is also set for hearing on July 30, 1973."

On June 25, 1973 the trial court entered the following order:

"The resentencing hearing, together with hearing on Motion for New Trial, set for August 13, 1973 @ 9:30 A.M., Court Room No. 2."

On June 27, 1973, a presentencing report, in which the probation officer refrained from making a recommendation, was made and subsequently presented to the court. On August 13, 1973, evidence was heard on the motion for a new trial, and the matter "taken under advisement pending submission of briefs by both parties."

On November 14, 1973, the court denied the motion for new trial and set the matter for disposition on December 3, 1973. On December 10, 1973, the court denied "the motion for probation" and sentenced the defendant to not less than 2 nor more than 10 years. No motion for probation appears in the record made after our mandate was issued, although an oral request for probation had been made when defendant was first sentenced in 1971; that request was considered by the court at that time and denied, before the 2- to 14-year sentence had been imposed. At the hearing on the motion for new trial, defendant's counsel acknowledged that the request for probation had been adjudicated, saying: "As I understand there was a probation hearing one time before, and there was testimony here. I think the court heard those witnesses at that time, and denied probation, so we wouldn't go into that again, I presume."

Defendant has perfected an appeal from the order of November 14 denying the motion for a new trial and the order of December 10, 1973, denying the application for probation and sentencing defendant.

Our mandate (taken with our prior opinions) conferred jurisdiction on the trial court for one purpose only, that of resentencing in conformity with the Unified Code of Corrections. The trial court by our mandate would not be barred from hearing a petition filed under section 72 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 72); however, defendant's petition was not and by its content could not be considered as a section 72 petition. Counsel has, since this cause was argued in this court, redrafted his original motion to make it appear to be a section 72 petition and filed such petition in the trial court and forwarded a copy to this court; a highly irregular procedure.

■■ In *Schuman v. Department of Revenue*, 38 Ill.2d 571, 574, 232 N.E.2d 732, 734, our supreme court said:

"However, it is well established that a motion under section 72 does not lie on the basis of newly discovered evidence. [Citations to criminal cases.]"

■■■ The trial court had no jurisdiction to hear the motion for new trial and had no motion for probation before it which had not been adjudicated. Defendant does not here argue that the sentence of 2 to 10 years last imposed pursuant to our mandate is excessive. We therefore dismiss the appeal.

Appeal dismissed.

G. MORAN and CREBS, JJ., concur.