THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NICHOLAS DEBARTOLO, Defendant-Appellant.

(No. 73-261;

Second District—January 22, 1975.

Thomas H. Stern and Shelvin Singer, both of Chicago, for appellant.

John J. Bowman, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein was convicted of theft over $150 (Ill. Rev. Stat. 1969, ch. 38, par. 16—1) following a jury trial. He was sentenced to 4-8 years in the State penitentiary.

In this appeal the defendant has raised, in substance, six grounds which he contends require reversal of his conviction. Defendant argues that he was not connected with the stolen property; the next three contentions of the defendant pertain to the valuation of the stolen property; that the corporate existence of the owner of the garbage containers stolen herein was not proven; that a member of the jury made false statements to a fellow juror; that the age of the defendant was not established and, lastly, that his sentence is excessive. The State argues that several of these alleged grounds for reversal were waived by the defendant as he failed to raise the issues in his post-trial motion. The State is correct in stating we need not consider these contentions unless they are of contitutional magnitude or of such import as to require our consideration. We do not find that the issues raised fit in either of those categories but nonetheless we will consider them in discussing the case as a whole.

Two large garbage containers were stolen from the rear of an apartment building owned by a Mr. and Mrs. Mills in the month of December, 1969. The garbage containers were owned by the Glen Ellyn Disposal Company and furnished by that company to the owners of the apartment building. The State witness, Brandon Page, testified that on an evening in the month of December, 1969, he accompanied the defendant to the rear of the apartment building, by the Four Seasons Motel in Du Page County, and helped him load the two containers onto a trailer. The containers were covered with three tarpaulins and taken to "Murph's" gas station on Lake Street and left there on the trailer. The witness, Page, returned to Murph's gas station the following Saturday morning and observed the defendant painting the two containers. Defendant asked the witness, Page, to take the containers across the street to John's Pizzeria, owned by John Cullotta. Page further testified that he was to get $100 in cash for the containers. Page took the containers to Cullotta, obtained the money, returned and gave it to the defendant. John Cullotta, the owner of the pizzeria place, testified that during the month of November or the early part of December, 1969, the defendant offered to get Cullotta some garbage containers. Cullotta agreed to pay $125 for the two con-

tainers. Cullotta further testified that he paid $125 for the containers, which had been painted dark green in color. Cullotta further had seen the defendant painting the garbage containers at the gas station. A month or two later the garbage containers were picked up by the Addison police and taken into their custody.

Several of the contentions raised by the defendant in this case were raised in *People v. DeBartolo* (1975) 24 Ill.App.3d 1000, 322 N.E.2d 551, which also involved theft of property alleged to be in excess of $150. Reference is specifically made to that case and the authorities cited therein for several of the issues discussed herein.

■■ The first part of this argument is that the valuation of the property stolen was not proved to have been in excess of $150. The evidence herein, however, discloses the contrary. The business manager of the Glen Ellyn Disposal Company testified that the value of each container was between $80 and $90. Two containers were stolen. The two containers were sold for either $100 or $125. The valuation of the containers established by the business manager of the company discloses that the value in total is more than $150. The fact that the containers may have been sold for less than that by the defendant does not diminish their value. The jury was justified in finding that the value of the items was in excess of $150.

Defendant also alleges in this connection that the jury was not given the option of finding the defendant guilty of theft of property of value less than $150. No instruction to that effect was offered by the defendant nor was a verdict to that effect tendered. The defendant cites *People v. Dell* (1972), 52 Ill.2d 393, 288 N.E.2d 459. This contention was answered by this court in *People v. DeBartolo, supra.*

■■ Defendant herein argues that the State failed to prove that the owner of the stolen garbage containers was a corporation and that the corporate existence was not established by the State. We do not agree. We adopt the finding on this issue in *People v. DeBartolo, supra.* In the instant case the business manager of the Glen Ellyn Disposal Company, Inc., testified that the Glen Ellyn Disposal Company was, in fact, a corporation.

In the instant case, as distinguished from the prior *DeBartolo* case, the foreman of the jury was alleged to have advised another member of the jury that he, in fact, had measured the garbage containers when, in fact, he had not done so. It is to be specifically noted that the jury had arrived at their verdict and after they had so arrived at their verdict one of the jurors questioned the fact as whether or not DeBartolo and Page could have loaded these large garbage containers on the trailer which was used to transport them to "Murph's" gas station. As we stated in

*People v. DeBartolo, supra,* it is the general rule that the courts will not receive affidavits or testimony of jurors who rendered a verdict for the purpose of impeaching such a verdict. This has been the rule in the State for many years, and we refer to the citations on this issue found in the prior *DeBartolo* case.

Likewise, the defendant here again contends that the State failed to prove his age and that the jury's verdict made no finding as to his age. As we stated in *People v. DeBartolo, supra,* the failure to prove the age of the defendant must be raised by way of an affirmative defense (Ill. Rev. Stat. 1971, ch. 38, par. 6—4). The defendant did not raise such affirmative defense and it is to be noted that defense counsel advised the court that the defendant was born on December 9, 1942!

■■ We turn now to the arguments presented herein which were not raised in the other *DeBartolo* case, *supra.* The defendant contends that he was not connected in any way with the stolen property, hence, he was not proven guilty. The basis for this argument is that the State did not prove by testimony of witnesses or a witness from the Glen Ellyn Disposal Company that the garbage containers in the possession of the police department were the same garbage containers taken from John Cullotta's pizzeria and in turn acquired by John's Pizzeria from the defendant. The essence of this argument is that the specific stolen items must be produced or the conviction of the defendant cannot stand. In support of this contention the defendant has cited *People v. Maruda* (1924), 314 Ill. 536, 145 N.E. 696. We do not find that *Maruda* is applicable to the facts in the case before us. In *Maruda* the defendant confessed that he had stolen certain items from Marshall Field and Company, his place of employment. In this somewhat confusing case the supreme court held that "[t]here was no proof of the *corpus delicti* in this case,—that a larceny had been committed * * *." (314 Ill. 536, 541, 145 N.E.2d 696, 698.) That is not the situation before us where we have a witness, a participant in the theft, testify in detail as to the theft of the garbage containers and the subsequent disposition of them by the defendant. In further support of this contention that defendant has cited *People v. Horton* (1966), 78 Ill.App.2d 428, 223 N.E.2d 206, which we also do not find factually to be applicable to the case before us. In *People v. Horton, supra,* reference is made to the other case of *People v. Horton* affirming the conviction of theft of a motor vehicle by the same defendant found in the same volume (78 Ill.App.2d 421, 223 N.E.2d 202). The facts in the latter case are somewhat similar to the situation before us herein. In the latter case two participants in the car theft testified that the defendant, and they did in fact steal the car in question. That is the situation we have before us. The defendant herein has failed

to consider the evidence adduced at the trial which specifically identified the defendant as a participant and a perpetrator of the theft of the garbage containers. The owners of the apartment building testified that the containers were at the building in question and that they were stolen. Page, the participant in the theft of the two containers, testified that he and the defendant stole them. The witness, Page, testified that they were taken to "Murph's" gas station and that 3-4 days later he saw the defendant repainting them. Page further testified that he and another boy wheeled the containers across the street from the gas station to the pizzeria where he obtained the money therefor, returned and paid the money to the defendant. Whether the garbage containers recovered by the police from Cullotta were, in fact, the same containers is immaterial. To hold otherwise would be to find that unless the stolen items are recovered, a conviction of theft could not stand, even though the evidence disclosed the items were stolen and sold by the defendant.

The defendant contends that there is no proof that the offense herein occurred in Du Page County. This contention is not substantiated by the record herein.

■■ Lastly, the defendant contends his sentence of 4-8 years is excessive and that the provisions of the Unified Code of Corrections are applicable herein. Theft of the garbage containers took place in December, 1969. The defendant was tried in April, 1971. He was sentenced in October, 1971 and notice of appeal was filed. It can thus be seen that for a period of several years this appeal has been pending. As the result thereof the provisions of the Unified Code of Corrections are applicable (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(4)). (See *People v. Harvey* (1973), 53 Ill.2d 585, 294 N.E.2d 269, and *People v. Chupich* (1973), 53 Ill.2d 572, 295 N.E.2d 1.) Theft of property exceeding $150 is a Class 3 felony (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(e)(2)). The sentence for a Class 3 felony is a minimum of 1 year and a maximum of 10 years, with the minimum not to exceed one-third of the maximum. Accordingly, the defendant's sentence is reduced to a minimum period of 32 months and not to exceed a maximum of 8 years. As modified the judgment of the conviction of the defendant is affirmed.

Judgment affirmed, sentence affirmed as modified.

T. MORAN, P. J., and SEIDENFELD, J., concur.