THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEITH HODDENBACH, Defendant-Appellant.

First District (3rd Division)   No. 81—1129

Opinion filed June 29, 1983.

Steven Clark and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Raymond Brogan, and Leslie E. South, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Following a jury trial, the defendant was convicted of voluntary manslaughter, and sentenced to a term of six years. The defendant contends on appeal that he was denied a fair trial (1) by the exclusion of the testimony of a defense witness, (2) by the admission of evidence of a stolen car and by the testimony of the arresting police officer that he had seen defendant on previous occasions, and (3) by the State's improper rebuttal argument.

On July 11, 1980, the defendant, Keith Hoddenbach, shot and killed Orlando Roman. At trial, the defendant (nicknamed Popeye) claimed that he acted in self-defense. He testified that four to six weeks prior to the shooting, Roman beat up the defendant's cousin at a disco. When the defendant asked Roman why he didn't pick on somebody his own size, Roman pushed him in the face, pulled out a gun, and said, "I've shot other people and I won't think twice about shooting you."

The defendant identified a photo of Roman and three companions holding guns. He testified that Roman had delivered it to his aunt, Lucy Rosario, about a month prior to the shooting and said, "Make sure you give this to Popeye and he'll get the message." The defendant stated that he was "real scared" and thought that Roman or one of the others would try to kill him or a member of his family. He did

not report the threat to the police because he was afraid that such action would prompt retaliation.

On July 11, 1980, the defendant went to a block party. While there, Roman punched him in the face and said that he remembered what happened at the disco. The defendant was "real scared," but he did not do anything because "it was all over." Later that evening, Roman and his brother approached the defendant. Roman told his brother that the defendant had called him a name, and that nobody does that and gets away with it. He asked the defendant if he had received the picture, and said, "You're lucky there are so many people or I'd take care of you right now." He also put his hand on his pants. The defendant thought that Roman had a gun and was referring to the photo he had sent. They were both told to leave the party. The defendant went to his girlfriend's house and picked up his fully loaded .38 revolver. He said he intended to find Roman, talk with him, and try to resolve their differences. He carried the gun because he was afraid.

The defendant drove to 2015 North Damen Avenue in a green Chevrolet. He saw Roman on the steps with about nine people, and he called him. Roman walked to the car. They talked for about five minutes, and the defendant asked him to forget everything that had happened. He said that Roman replied loudly that he would rather kill the defendant, and "pulled up" a gun with his right hand. The defendant, who said he thought Roman intended to murder him, grabbed the gun from the car seat, shot him, and drove away.

Lucy Rosario, the defendant's aunt, took the stand as the only other defense witness. After she stated her name and her relationship to the defendant, the assistant State's Attorney requested a side bar. The prosecutor objected to the testimony of Rosario regarding the victim's threatening message and the delivery of the photo to her, because evidence thereof had already been admitted, had not been attacked, and went to a collateral issue. The defense attorney argued that the evidence was probative of the defendant's credibility and therefore should be admitted. The trial court, noting that the defendant had already described the threat and the circumstances under which he received it, ruled that since that evidence had not been attacked, Rosario could not testify to the same matter. She did not testify further.

Officer Neil Sullivan, a city of Chicago police officer, who investigated the homicide, testified that he went to Alcott School in search of the defendant and the green Chevrolet. The assistant State's Attorney asked him whether he had ever seen the defendant there be-

fore. The trial court overruled defense counsel's objection, and Sullivan responded, "Yes, sir." At the conclusion of his testimony, over defense counsel's objection, the State introduced evidence that the green Chevrolet was owned by Robin S. Coktan of 7405 North Ridge Boulevard in Chicago.

The jury returned a guilty verdict of voluntary manslaughter against the defendant. The defendant appeals.

The defendant first contends that the trial court erred in not permitting Rosario to testify as to the victim's threat and the delivery of the photo to her because her testimony was essential to his claim of self-defense. A defendant claiming self-defense in response to homicide charges may show specific acts of violence and threats by the deceased. (*People v. Adams* (1962), 25 Ill. 2d 568, 185 N.E.2d 676; *People v. Singleton* (1976), 41 Ill. App. 3d 665, 354 N.E.2d 464.) Such evidence is admissible to show the circumstances confronting the defendant, the extent of his apparent danger, and the motive by which he was influenced. (*People v. Stombaugh* (1972), 52 Ill. 2d 130, 284 N.E.2d 640.) In this area of proof, the defendant should be given substantial latitude. (*People v. Stombaugh.*) In determining whether an accused has been prejudiced by the rejection or exclusion of evidence, so as to require a reversal of the judgment, courts of review will look to the entire record to see if the rejected evidence could have reasonably affected the verdict, and will refuse to disturb the judgment where guilt is shown beyond a reasonable doubt or where, upon the evidence, a different result could not have been reached. *People v. Wolff* (1960), 19 Ill. 2d 318, 167 N.E.2d 197, *cert. denied* (1960), 364 U.S. 874, 5 L. Ed. 2d 96, 81 S. Ct. 119; *People v. Wilkes* (1971), 2 Ill. App. 3d 626, 276 N.E.2d 761.

■ Our review of the record indicates that the defendant's assertion of self-defense was in part based on the threatening photo and message sent to him by the victim through Rosario. When Rosario took the witness stand, the trial court permitted no testimony regarding the photo or the threat. Its decision was based on the fact that the defendant had already described the threat. However, Rosario's account of her meeting with the victim would have corroborated the defendant's story and given credibility to his claim of self-defense. Her description of the threat would have been relevant and material to the jury's assessment of the defendant's belief that the shooting was justified. (See *People v. Graves* (1978), 61 Ill. App. 3d 732, 378 N.E.2d 293.) The inclusion of such testimony would tend to show justification for the defendant's act; the exclusion of such proof was prejudicial error. See *People v. Singleton* (1976), 41 Ill. App. 3d 665, 354

N.E.2d 464.

The State argues that Rosario's testimony would have been merely cumulative to the defendant's testimony. It has generally been held that the rejection of evidence is not prejudicial error where the same or substantially the same evidence as that excluded is admitted; however, this rule finds its most frequent application where the same or substantially the same evidence as that excluded is elicited from the same witness. (*People v. Moretti* (1955), 6 Ill. 2d 494, 129 N.E.2d 709, *cert. denied* (1958), 356 U.S. 947, 2 L. Ed. 2d 822, 78 S. Ct. 794; 24B C.J.S. *Criminal Law* sec. 1918(3) (1962).) Moreover, "*** an error in rejecting competent and material evidence is not cured, where the evidence admitted is not substantially the same, is not as broad and comprehensive in its nature, or does not have the same probative force, as the excluded evidence; ***." (24B C.J.S. *Criminal Law* sec. 1918(3), at 144 (1962).) The trial court erred in presuming that the defendant's testimony was substantially the same as Rosario's testimony would have been. The defendant's account of a conversation to which he was not a party could not have been as comprehensive as, or had the same probative force as, the testimony of Rosario, who received the photo and threat while face-to-face with the victim.

Because the rejected evidence could reasonably have affected the verdict, and we cannot say that a different result could not have been reached had that evidence been admitted, we reverse the conviction, and remand the cause for a new trial.

■ As to the other issues raised on appeal, the defendant contends that evidence that the car he used on July 11, 1980, was owned by someone else implied that he had stolen the car, thus denying him a fair trial. Even if it is assumed that evidence that the defendant did not own the car suggested theft to the jury, where evidence is relevant and otherwise admissible, it is not to be excluded because it may also have a tendency to prejudice the accused. (*People v. Horton* (1966), 78 Ill. App. 2d 421, 223 N.E.2d 202 (admission of evidence that defendant drove two cars not owned by him in trial for theft of third car held proper).) Although evidence of other crimes is inadmissible if offered merely to establish a propensity to commit crimes, such evidence is admissible to show knowledge, intent, motive, design, plan, or identification. (*People v. Alexander* (1982), 93 Ill. 2d 73, 442 N.E.2d 887.) The State convinced the trial court that the fact that the defendant drove a car which did not belong to him was probative of his intent to prevent identification through a trace of the license plates. Since the evidence was not offered to establish a propensity to commit crimes, but to show the defendant's state of mind, its admis-

sion was proper.

■ The defendant also argues that Officer Sullivan's testimony that he had seen the defendant at Alcott School on previous occasions was prejudicial error because it implied prior criminal activity. The defendant relies upon *People v. Stover* (1982), 89 Ill. 2d 189, 432 N.E.2d 262, which involved the offense of resisting a peace officer. In *People v. Stover*, the prosecutor sought to prove the essential element of knowledge with testimony that the officer was dressed in uniform and announced his office. He went on to elicit testimony of the officer's prior acquaintance with the defendant. On review, the admission of this latter evidence was held to be error, as "under the circumstances of this case, there is no apparent reason why the prosecutor would inquire into defendant's previous acquaintance with [the officer] unless an implication of prior criminal activity was intended." (89 Ill. 2d 189, 196.) Under the circumstances of the case at bar, however, Sullivan's statement that he had previously seen the defendant at the school was incidental to his description of the search for the defendant and the car. Moreover, evidence that the arresting officer was previously acquainted with the defendant does not necessarily imply a criminal record. (*People v. Rogers* (1940), 375 Ill. 54, 30 N.E.2d 77.) The admission of evidence of prior acquaintance was not error.

■ Finally, defendant contends that he was denied a fair trial due to prosecutorial misconduct during the rebuttal argument. Improper comments do not result in the denial of a fair trial where they do not constitute a material factor in the defendant's conviction. (*People v. Miller* (1981), 101 Ill. App. 3d 55, 427 N.E.2d 987.) The materiality of the improper remarks must be determined based on a review of the facts in each case. (*People v. Davis* (1982), 104 Ill. App. 3d 1027, 433 N.E.2d 1011.) In the instant case, the trial court sustained defense counsel's objections to all but one of the remarks the defendant complains of on appeal, and the jury was instructed to disregard the comments. This was sufficient to cure any error and to find that the jury was not unduly influenced or misled. (See *People v. Davis.*) The sole comment objected to by the defendant upon which the trial court did not make a ruling was, "As a matter of fact there's about twelve thousand people in the penitentiary today in the community who were presumed innocent ***." We do not believe that this improper statement constituted a material factor in the conviction. Any error was harmless beyond a reasonable doubt and did not contribute to the jury's verdict. See *People v. Hopkins* (1982), 107 Ill. App. 3d 422, 437 N.E.2d 722; *People v. Belton* (1982), 105 Ill. App. 3d 10, 433 N.E.2d 1119; *People v. Ayala* (1981), 96 Ill. App. 3d 880, 422 N.E.2d 127.

For the foregoing reasons the order of the circuit court of Cook County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

RIZZI and WHITE, JJ., concur.